**Darwin WOOD, Plaintiff,**

v.

**GARDEN STATE PAPER COMPANY, INC., Defendant.**

Civ. A. No. 83–2958.

United States District Court,
D. New Jersey.

Dec. 21, 1983.

Arthur N. Martin, Jr., Newark, N.J., for plaintiff.

McCarter & English by Francis E.P. McCarter, Newark, N.J., for defendant.

## OPINION

SAROKIN, District Judge.

This action is before the court on defendant's motion for summary judgment. At issue is the preclusive effect to be accorded a prior disposition of this matter in state administrative and judicial proceedings.

FACTS

Plaintiff Darwin Wood alleges that he was discriminatorily terminated from his position as a third hand winder operator employed by defendant in violation of 42 U.S.C. § 1981. Plaintiff claims that his termination was based upon his race, and as retaliation for having filed an earlier action alleging a discriminatory failure to promote.

The termination underlying this action occurred on August 9, 1977. On October 12, 1977, plaintiff filed a complaint with the

New Jersey Department of Law and Public Safety, Division on Civil Rights ("the Division"), pursuant to N.J.Stat.Ann. 10:5–13. The Division investigated plaintiff's complaint as required by N.J.Stat.Ann. 10:5–14, concluding that plaintiff had been terminated for cause and not on the basis of race. Based upon this investigation, on June 26, 1980 the Division made a determination of "no probable cause" and, almost three years after its initiation, the case was closed. Plaintiff appealed this determination to the Superior Court, Appellate Division, and on July 6, 1983, that court affirmed the Division, holding that "the finding of no probable cause was not an abuse of discretion and rested upon ample credible evidence." Affidavit of Roslyn S. Harrison, Appendix C at 2. On August 8, 1983, the instant action was filed. Defendant now moves for summary judgment, arguing that plaintiff has already litigated this action in the New Jersey state system and that 28 U.S.C. § 1738 requires the federal court to give the state judgment full preclusive effect.

DISCUSSION OF THE LAW

■ Title 28 U.S.C. § 1738 states, in pertinent part:

... judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of [the] State, Territory or Possession from which they are taken.

This provision has been construed to require federal courts to give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so. *See, e.g., Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). One is thus referred to state court rules of *res judicata* or collateral estoppel, unless Congress has explicitly carved out an exception to these principles with respect to particular statutes. The Supreme Court has held § 1738 applicable to suits brought under 42

U.S.C. § 1983, *Allen v. McCurry, supra*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq., Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Furthermore, the Third Circuit Court of Appeals has extended *Kremer* to cover suits such as this one, brought under 42 U.S.C. § 1981. *Davis v. United States Steel Supply*, 688 F.2d 166 (3d Cir.1982), *cert. denied,* — U.S. —, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983). Thus, a prior adjudication of certain state statutory or common law rights may preclude federal causes of action arising under these statutes.

■ Defendant argues that the instant action would be precluded in New Jersey either under the common law principles of *res judicata* or collateral estoppel or as a result of statute, N.J.Stat.Ann. 10:5–27. In New Jersey

Res judicata as a principle of law bars a party from relitigating a second time what was previously fairly litigated and determined finally. The general requirements for the invocation of this principle are a final judgment by a court or tribunal of competent jurisdiction, identity of issues, parties and causes of action and thing sued for.

*City of Hackensack v. Winner*, 162 N.J.Super. 1, 28–29, 392 A.2d 187 (App.Div.), *modified on other grounds*, 82 N.J. 1, 410 A.2d 1146 (1978), citing *Lubliner v. Board of Alcoholic Beverage Control for the City of Paterson*, 33 N.J. 428, 165 A.2d 163 (1960). Collateral estoppel, on the other hand, "is that branch of the broader law of res judicata which bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." *State v. Gonzalez*, 75 N.J. 181, 186–87, 380 A.2d 1128 (1977). It is indisputable that, as defendant argues, identical parties have been involved and identical issues raised in the prior New Jersey state proceedings.[1] The Superior Court, Appel-

---

**1.** The fact that the Division, as well as Garden State Paper, were defendants in the state action is irrelevant, as long as plaintiff had an opportunity to appear and assert his rights. *Brunetti v.*

late Division was certainly a court of competent jurisdiction. And N.J.Stat.Ann. 10:5–27 states, in pertinent part:

> ... as to practices and acts declared unlawful by ... this act, the procedure herein shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.

Plaintiff does not contest the applicability of these criteria or argue that these standards have not been satisfied. Rather, he argues only that he should prevail on this motion because he has not yet had his day in court. The court agrees, and holds that, as plaintiff has never had the merits of his claim adjudicated, defendant's motion for summary judgment is denied.

In its brief, defendant emphasizes that the formal requisites of *res judicata* are present in this case. In so doing, it ignores perhaps the most important requirement of all: that the matter was *fairly* litigated previously, *City of Hackensack, supra,* 162 N.J. at 28, 392 A.2d 187 (emphasis supplied); "every plaintiff is entitled to his day in court," *Brunetti v. Borough of New Milford, supra,* 68 N.J. at 587, 350 A.2d 19. *See also Kremer v. Chemical Construction Corp., supra,* 456 U.S. at 480–81, 102 S.Ct. at 1897 ("the judicially created doctrine of collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue.") (citing cases). Thus, defendant cannot be granted summary judgment unless the state proceedings below satisfied "the applicable requirements of the Due Process Clause." *Id.* at 482, 102 S.Ct. at 1898. Upon examination of the procedures

made available to plaintiff, the court finds that they did not.

First, the New Jersey procedures, unlike those of New York approved in *Kremer,* or of Pittsburgh approved in *Davis,* do not afford plaintiff any opportunity to appear and be heard prior to a finding of no probable cause. Such procedures may be informal, as in New York, *see* 456 U.S. at 483, 102 S.Ct. at 1898, but they must exist. In New Jersey, a prospective plaintiff

> ... may, by himself, or his attorney-at-law, make, sign and file with the division a verified complaint in writing which shall state the name and address of the person, employer, labor organization, employment agency, owner, lessee, proprietor, manager, superintendent or agent alleged to have committed the unlawful employment discrimination complained of and which shall set forth the particulars thereof and shall contain such other information as may be required by the division.

N.J.Stat.Ann. 10:5–13. Unlike those in New York, New Jersey's procedures did not allow plaintiff to present witnesses or exhibits, to rebut evidence submitted by or obtained from the respondent, or to issue subpoenas, all procedures deemed important to an evaluation of the constitutionality of the preclusive effect of such procedures in *Kremer.* 456 U.S. at 483–84, 102 S.Ct. at 1898–99. And, of course, Pittsburgh's procedures at issue in *Davis* included "a full adversarial hearing," 688 F.2d at 168, not afforded plaintiff here. Indeed, once he filed his complaint, plaintiff completely relinquished control of this action to the Division, pursuant to N.J.Stat. Ann. 10:5–14.[2]

*Borough of New Milford,* 68 N.J. 576, 587–88, 350 A.2d 19 (1975). Additionally, the identity of state (or local) causes of action for discriminatory termination and a federal cause of action under 42 U.S.C. § 1981 was established in *Davis v. United States Steel Supply, supra,* 688 F.2d at 171–72.

**2.** It should be noted that the regulations promulgated pursuant to N.J.Stat.Ann. 10:5–18 do allow for the Director of the Division, at the

request of the complainant, to take depositions or subpoena materials or persons during an investigation. N.J.A.C. §§ 13:4–2.2, 13:4–8.4(a), 13:4–9.1(d). However, whether or not this is done is solely within the discretion of the Director. The only absolute right accruing to a claimant is the right to be notified if the Director settles the case on one's behalf. N.J.A.C. 13:4–4.3(c).

That plaintiff was then afforded an opportunity to appeal did not heal these constitutional infirmities. On appeal, "review of an administrative agency's factual determinations is circumscribed. If there is sufficient credible evidence present in the record considering the proofs as a whole to support the conclusions, the appellate tribunal must uphold the findings." *Andersen v. Exxon Co.,* 89 N.J. 483, 501, 446 A.2d 486 (1982). That is precisely what occurred here: the Appellate Division concluded, in a brief *per curiam* opinion, "that the finding of no probable cause was not an abuse of discretion and rested upon ample credible evidence." The Appellate Division, therefore, exercised only incomplete review of the findings below, themselves based upon inadequate procedures. Were the court to preclude plaintiff from bringing this action based upon these proceedings, he would be forever barred from presenting his case, other than briefly in his initial complaint— except for review for abuse of discretion. This is a violation of the due process clause.

■ Nor is this procedure saved by the fact that plaintiff had the option of proceeding in the Superior Court in the first instance. *Sprague v. Glassboro State College,* 161 N.J.Super. 218, 225, 391 A.2d 558 (App.Div.1978).[3] Though this may rescue the entire statutory scheme from constitutional attack, *see Sprague, supra,* 161 N.J. Super. at 225, 391 A.2d 558, it does not render the decision emerging from a procedurally deficient route preclusive of all future litigation. The "full and fair *opportunity* to litigate the claim or issue" prevents a party from arguing that an adjudication should not be *res judicata* because it was not appealed from. No plaintiff who has been denied an opportunity to fully and fairly litigate his or her claim in one forum is precluded solely because he or she could

have chosen a different forum from the outset. *See generally City of Plainfield v. Public Service Electric & Gas Co.,* 82 N.J. 245, 257–58, 412 A.2d 759 (1980) (no collateral estoppel unless issue actually litigated below); *Katinsky v. Radio Shack Division of Tandy Corp.,* 524 F.Supp. 807, 810 (D.N. J.1980), aff'd, 673 F.2d 1300 (3d Cir.1981). This conclusion derives implicit support from *Kremer:* the New York procedures there upheld also included the right to proceed in state court, *see, e.g., Jainchill v. New York State Human Rights Appeal Board,* 83 A.D.2d 665, 442 N.Y.S.2d 595, 596 (Sup.Ct.App.Div.1981), however, the court notably omitted all mention of it as a factor in favor of binding the plaintiff by those procedures.

■ The purpose underlying the principle of *res judicata* is to reduce unnecessary litigation by avoiding relitigation of those matters that were or could have been raised in an earlier proceeding by the same or related parties. *See Allen v. McCurry, supra,* 449 U.S. at 94–95, 101 S.Ct. at 414– 15. However, the application of this principle presupposes a full and fair opportunity for a litigant to present his or her cause or defense. In this case there was no such presentation or opportunity: the Division investigated and found no probable cause; the Superior Court held that this decision was not arbitrary. At no time was plaintiff afforded the opportunity to present evidence. No hearing which would form the predicate for a finding of *res judicata* occurred. Hence, to dismiss plaintiff's complaint as *res judicata,* would deprive plaintiff of his right to due process and would undermine the policies behind the federal statutory provisions here asserted.

Absent a full and fair hearing on the merits, no claimant should be denied access to the federal courts to pursue a claim of discrimination. Res judicata prohibits a

---

**3.** It should be noted that, in 1979, the New Jersey legislature amended N.J.Stat.Ann. 10:5– 13 to make clear that a plaintiff could choose to proceed in Superior Court rather than administratively. Though this merely codified existing precedent, *see e.g., Gray v. Serruto Builders, Inc.,* 110 N.J.Super. 297, 300–01, 265 A.2d 404 (Ch.

Div.1970), it had the effect of clarifying that which may well have been obscure to those who, like plaintiff, filed administrative complaints prior to this amendment, and under the time pressure of a 180 day statute of limitations. N.J.Stat.Ann. 10:5–18.

second trial on the same issues. Plaintiff has not had his first trial.

The defendant's motion for summary judgment is denied.