**Frank MATHIS, Jr., Appellant,**

v.

**Ulysses BARRETT, Appellee.**

**No. 85–179.**

District of Columbia Court of Appeals.

Submitted June 21, 1988.

Decided July 13, 1988.

Melvin A. Marshall, Washington, D.C., was on the brief, for appellant.

Ulysses Barrett did not file an appearance.

Before FERREN, BELSON and TERRY, Associate Judges.

FERREN, Associate Judge:

Appellant Frank Mathis, Jr., a tenant, filed an answer and counterclaim in a summary action for possession brought by his landlord, appellee Ulysses Barrett, in the Landlord and Tenant Branch. Appellant, in his counterclaim, sought general and punitive damages based upon housing code violations, constructive eviction as a result of an alleged cutoff of water in the building, and malicious prosecution for filing a "duplicative" action in the Small Claims and Conciliation Branch. Appellant also requested an injunction to restore water service to his apartment. The underlying action eventually was dismissed because appellees failed to serve properly the required notice to quit. At the same time, the trial court dismissed appellant's counterclaim without prejudice. Appellant now appeals the dismissal of his counterclaim, contending the counterclaim was "an inde-

pendent tort action ... within the limits of landlord and tenant rule 5(c)" (apparently meaning Rule 5(b)) that should have been certified to the Civil Division for further proceedings. We disagree and affirm.

■ Summary proceedings for possession of rental property are governed by the specialized rules of procedure applicable in the Landlord and Tenant Branch. *See* Super.Ct. L & T R. 1. Rule 5(b) of those rules provides that the defendant in a summary action for possession based, as this one was, upon nonpayment of rent may bring particular types of counterclaims—and only those types of counterclaims—in response to the landlord's suit. Super.Ct. L & T R. 5(b); *see Hines v. John B. Sharkey Co.,* 449 A.2d 1092, 1093 n. 3 (D.C.1982). Specifically, the defendant in a summary action for possession may counterclaim for "a money judgment based on the payment of rent or on expenditures claimed as credits against rent or for equitable relief related to the premises." Super.Ct. L & T R. 5(b). The rule goes on to state, unequivocally, that "[n]o other counterclaims, whether based on personal injury or otherwise, may be filed in this Branch." *Id.*

Although the portion of appellant's counterclaim requesting injunctive relief with respect to the water service and claiming damages based upon housing code violations arguably falls within the ambit of Rule 5(b), the remainder of appellant's counterclaim does not. Given the construction of appellant's counterclaim, the permissible claims cannot easily be severed from the impermissible and irrelevant ones. But even if this could be done, the portion of the counterclaim alleging malicious prosecution, premised in part on Small Claims Branch litigation, clearly fails to satisfy the pleading requirements of Rule 5(b). *See Weisman v. Middleton,* 390 A.2d 996, 1001 (D.C.1978) (Rule 5(b) does not permit counterclaim for malicious prosecution). Taken as a whole, therefore, the counterclaim violated the rule, and the trial court properly dismissed it without prejudice, in its entirety, as improperly filed in the Landlord and Tenant Branch. *See Miles Realty Co. v. Garrett,* 292 A.2d 152, 153 (D.C.1972) (remand to trial court for dismissal without prejudice of counterclaim for damages to personalty as improperly filed in Landlord and Tenant Branch).

■ Routinely, of course, the Landlord and Tenant Branch does transfer to the Civil Division cases where the tenant has filed a proper responsive pleading that cannot be addressed in a summary landlord and tenant proceeding. *See, e.g.,* Super.Ct. L & T R. 5(c) (case where defendant interposes plea of title to be certified to Civil Division); *see also* Super.Ct. L & T R. 6 (where jury trial properly demanded, case to be certified to Civil Assignment Office for expedited trial as a landlord and tenant case).[1] Similarly, where a plaintiff has filed an action based on one set of facts in the Family Division involving both family and probate issues, and the matter is better characterized, on balance, as a probate action, we have held that the proper remedy is to transfer the case to the Probate Division rather than to dismiss for lack of jurisdiction. *Andrade v. Jackson,* 401 A.2d 990 (D.C.1979). In such a case, the Family Division is not without jurisdiction, and the filing could not be deemed altogether improper. In the foregoing situations, therefore, the party whose case is transferred does not attempt to invoke the jurisdiction of the court improperly.

Here, in contrast, appellant attempted to use the summary procedures of the Landlord and Tenant Branch in violation of Rule 5(b), electing to fashion a counterclaim that clearly went beyond the limits of the rule. We do not say the trial court lacks discretion in every case to transfer, rather than dismiss without prejudice, a counterclaim that partially fits, but to some extent ex-

---

1. The Landlord and Tenant Branch is part of the Civil Division. In stating that a landlord and tenant case in which a plea of title is interposed "shall be certified to the Civil Division for trial on an expedited basis," Super.Ct. L & T R. 5(c) is intended to mean a certification for processing as a regular "civil action" or "CA" of the type referred to in Super.Ct.Civ.R. 2, in contrast with certification to the Civil Assignment Office for continued treatment under the landlord and tenant rules.

ceeds, the scope of Rule 5(b). But we do conclude that the trial court does not abuse its discretion in electing to dismiss without prejudice under such circumstances. Accordingly, appellant was not entitled, merely by virtue of his landlord's summary action for possession in the Landlord and Tenant Branch, to use a counterclaim as the way of circumventing the normal procedures for filing "an independent tort action" in the Civil Division of the court.

*Affirmed.*