**John FERRARA, Plaintiff,**

v.

**TAPPAN COMPANY, et al.,
Defendants.**

**Civ. No. 89–1131 (CSF).**

United States District Court,
D. New Jersey.

Oct. 16, 1989.

Dawn Van Keuren, Kelly and Butensky, Manahawkin, N.J., for plaintiff.

Glenn A. Harris and Francis Connell, Drinker Biddle & Reath, Voorhees, N.J., for defendants.

OPINION

CLARKSON S. FISHER, District Judge.

Defendant White Consolidated Industries ("White"), successor in interest to defendant Tappan Company ("Tappan"), has moved for summary judgment against plaintiff, John Ferrara ("Ferrara"), on Counts 2 and 3 of Ferrara's complaint. These counts are grounded in a cause of action for wrongful termination based on age discrimination. White does not seek summary judgment on Count 1 of the Complaint, which sets forth a breach of contract claim.

Ferrara was hired by Tappan on May 1, 1973. He worked as a Regional Service Manager in Florida until the summer of 1985. Plaintiff suffered a heart attack in September of that year. Following a medical leave of absence, Ferrara relocated to New Jersey to become Regional Service Manager for the New York area in November 1985.

Tappan merged into White on or about April 1, 1986. As a result of the merger, White employed two separate service organizations, its own and Tappan's. White decided to consolidate the two organizations, thereby reducing the aggregate work force. On September 30, 1986, the defendant notified plaintiff that he was being terminated, effective December 31, 1986.

Ferrara, who was sixty years old and had over thirteen years of service on the effective date of termination, claims that he was dismissed as a result of age discrimination, in violation of his civil rights. White maintains that Ferrara was terminated pursuant to a work force reduction plan based on seniority and that employee age was not considered.

Ferrara filed a verified complaint on February 19, 1987, with the New Jersey Department of Law and Public Safety, Division on Civil Rights, pursuant to N.J.S.A. 10:5–13, alleging age discrimination. (Plaintiff's Exhibit I). Following an administrative investigation, the Civil Rights Di-

vision closed the case on June 7, 1988, upon a finding of no probable cause for Ferrara's allegations. (Defendant's Exhibit E). Without appealing that determination, plaintiff filed this action in the Superior Court of New Jersey, Law Division, Ocean County, on December 30, 1988. Defendant filed a Notice of Removal to this court on March 10, 1989. As mandated by the *Erie* doctrine, the court will apply New Jersey substantive law in this diversity action. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ For the reasons set forth below, this court finds that plaintiff's civil rights age discrimination claim is precluded by the finding of no probable cause entered by the New Jersey Division on Civil Rights; therefore, it need not consider whether genuine issues of material fact exist.

The New Jersey Law Against Discrimination ("NJLAD") prohibits employers, *inter alia,* from terminating or discriminating against employees on the basis of age. N.J.S.A. 10:5–12(a). The statute authorizes any individual who believes he was discriminated against either to file a complaint with the Division on Civil Rights or to bring suit in the superior court. N.J.S.A. 10:5–13. A final determination in either avenue of redress precludes the claimant from bringing any other action based on the same grievance. N.J.S.A. 10:5–27. If a party finds the determination of the Director of the Division on Civil Rights to be objectionable, that party may appeal to the appellate division of the superior court. N.J.S.A. 10:5–21.

New Jersey courts have consistently held that, pursuant to the NJLAD, when parties seek administrative redress for their claims they are banned from then seeking relief via the courts. *Christian Bros. Inst. of N.J. v. Northern N.J. Interscholastic League,* 86 N.J. 409, 432 A.2d 26 (1981); *Giammario v. Trenton Bd. of Ed.,* 203 N.J.Super. 356, 497 A.2d 199 (App.Div.), *cert. denied,* 102 N.J. 336, 508 A.2d 212 (1985), and *cert. denied,* 475 U.S. 1141, 106 S.Ct. 1791, 90 L.Ed.2d 337 (1986); *Hermann v. Fairleigh Dickinson Univ.,* 183 N.J.Super. 500, 444 A.2d 614 (App.Div.),

*cert. denied,* 91 N.J. 573, 453 A.2d 884 (1982); *Sprague v. Glassboro State College,* 161 N.J.Super. 218, 391 A.2d 558 (App.Div.1978).

■ Despite this body of case law and the civil rights division's determination that there is no probable cause for his claim, Ferrara is attempting to secure judicial relief for his alleged grievance. In support of this attempted circumvention of the New Jersey statutory plan, plaintiff relies on *Wood v. Garden State Paper Co., Inc.,* 577 F.Supp. 632 (D.N.J.1983). *Wood* held that "absent a full and fair hearing on the merits, no claimant should be denied access to the federal courts to pursue a claim of discrimination," and that such a denial constitutes a due process violation. *Id.* at 636. This court is of the opinion that *Wood* mischaracterized the New Jersey statutory procedures and was decided incorrectly.

The Due Process Clause does not mandate any particular model of procedure which must be applied universally. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (state court decision upholding administrative rejection of employment discrimination claim should be given preclusive effect). An opportunity for the employee/claimant to present his contentions is an important procedural element, for it strengthens a procedure's ability to withstand a due process challenge. *Id.* at 484, 102 S.Ct. at 1899. A procedure does not become invalid simply because the claimant does not take advantage of such an opportunity. *Id.* at 485, 102 S.Ct. at 1899.

*Wood* found that the New Jersey statutory procedure afforded a plaintiff no "opportunity to appear and be heard prior to a finding of no probable cause." 577 F.Supp. at 635. This court differs diametrically with the *Wood* finding. The NJLAD expressly permits a claimant to choose to file an action in the superior court, which could lead to a full trial on the merits, the ultimate opportunity to be heard. Alternatively, if a claimant elects the probably speedier and less expensive procedure of filing a complaint with the civil rights division, he is afforded an opportunity to participate in

a Fact Finding Conference pursuant to N.J. A.C. § 13:4–2.3. These conferences are held to clarify issues and obtain evidence. Such a conference was scheduled for plaintiff for May 14, 1987. (Plaintiff's Exhibit K).

The Appellate Division of the Superior Court of New Jersey expressly disagreed with *Wood* in *Giammario,* 203 N.J.Super. at 365, 497 A.2d 199. The *Giammario* court restated the established New Jersey rule that determination by the Division on Civil Rights bars suits based on the same grievance. *Id.* at 364, 497 A.2d 199.

Plaintiff could have pursued the superior court avenue of redress for his claim, which would have given him a full hearing. He elected the administrative avenue of redress instead. This decision by plaintiff did not deprive him of a due process right but, rather, was an exercise by him of his freedom to choose an alternative. *Sprague,* 161 N.J.Super. at 229, 391 A.2d 558. His administrative election still afforded Ferrara the opportunity to be heard in the civil rights fact finding conference. It is not necessary that an opportunity to appear occur in a formal hearing in order to meet due process requirements. *Kremer,* 456 U.S. at 483, 102 S.Ct. at 1898.

The NJLAD procedure of allowing a claimant to select his avenue of redress is not violative of the due process clause. In the instant action, plaintiff chose one method of seeking relief, and his claim was denied. He is now attempting to take a second bite at the apple by pursuing the alternative route to relief. Such an attempt is expressly barred by both statute and applicable case law. Since the statute involved is constitutional, the court must apply it, as interpreted by the New Jersey courts, in this diversity action. This application leads to the conclusion that the Civil Rights Division finding of no probable cause precludes plaintiff from bringing this action. Defendant's motion for summary judgment in counts 2 and 3 of the complaint is therefore granted. No costs.