**Gareth WEST, Plaintiff–Appellant,**

v.

**John RUFF, Mike Drum, Mike Perry and Matthew Cronin, Defendants–Appellees.**

**No. 1328, Docket 91–2509.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1992.

Decided April 23, 1992.

**1065**

Martin J. Kehoe III, Mechanicville, N.Y., for plaintiff-appellant.

Cynthia F. Kruesi, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Albany, N.Y., of counsel), for defendants-appellees.

Before: FEINBERG, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

Gareth West, an inmate at Great Meadows Correctional Facility, alleges that he was seriously injured in a fight with another inmate in the prison's exercise yard on February 10, 1989. Sometime in late 1989, West filed a *pro se* negligence action against the State of New York in the New York Court of Claims. On April 2, 1989, West commenced the present action against prison officials under 42 U.S.C. § 1983 (1988). Both actions involved the same incident. Trial was held on the state negligence suit in December 1990, and judgment was entered against West. Thereafter, summary judgment was entered against West in the instant matter on the grounds of res judicata/collateral estoppel.

Counsel was appointed for West in the federal action pursuant to *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986). That appointment reflected the district court's assessment that West's claim had colorable substance and that counsel was needed to present the claim in an adequate fashion. *Id.* at 61. West's counsel in the federal matter was unaware of the Court of Claims litigation but assures us that he would have represented West in that matter if so asked. One reason he was not asked was that West was notified of the trial date only the day before it began. Finally, West claims that there is an eyewitness who could have been called to testify if West had had more notice and had been more knowledgeable about court procedures.

State court judgments are to be given the same preclusive effect in federal court as they would be given in the courts of the state itself. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). Thus, if West would be barred from relitigating the same issues or claims in a New York state court, he will also be barred in the instant matter. *See Genova v. Town of South Hampton*, 776 F.2d 1560, 1561 (2d Cir.1985). Under New York law, parties are barred from relitigating not only matters actually litigated in the preceding action but also any matters that could have been litigated in that action. *See Reilly v. Reed*, 45 N.Y.2d 24, 379 N.E.2d 172, 407 N.Y.S.2d 645 (1978). Whether a claim is one that could have been litigated in the prior action depends upon whether it emerged from the same nucleus of facts as that of any claim asserted in the prior action. *Smith v. Russell Sage College*, 54 N.Y.2d 185, 192–93, 429 N.E.2d 746, 749, 445 N.Y.S.2d 68, 71 (1981). However, a later claim is not precluded when the first court lacked the power to grant all the relief sought in the later action, *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986), or when, as West asserts here, a party lacked a full and fair opportunity to litigate the issue or claim sought to be precluded, *Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 467 N.E.2d 487, 478 N.Y.S.2d 823 (1984); *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 246 N.E.2d 725, 298 N.Y.S.2d 955 (1969).

We agree with West that he lacked a full and fair opportunity to litigate his claim in the state proceeding. We believe that res judicata/collateral estoppel was improperly applied against West because: (1) the appointment of counsel in the federal matter pursuant to *Hodge* reflected a finding that West's claim had colorable substance and could not be adequately presented *pro se;* (2) West had at best a single day's notice of his state trial; (3) his appointed counsel in a factually identical

federal case was never notified of the parallel state litigation; (4) the Court of Claims judge had no notice of the potential availability of appointed counsel; and (5) West has shown prejudice in the availability of an eyewitness in circumstances in which he seems to have had neither discovery nor sufficient notice to obtain the presence of the witness. We therefore conclude that West lacked a full and fair opportunity to litigate the prior claim and that application of the doctrines of res judicata/collateral estoppel is inappropriate.

We do note that counsel for the state can in future such cases alert appointed counsel in a parallel federal case to the existence of a Court of Claims case. Such notice would prevent relitigation.

Reversed.