Traci **BARNES**, Appellant,

v.

Theodore J. **SCHEVE** and Geraldine E. **Scheve**, Appellees.

No. 92–CV–85.

District of Columbia Court of Appeals.

Argued Oct. 13, 1993.
Decided Nov. 18, 1993.

April Land, Neighborhood Legal Services Program, with whom Paula D. Scott, Neighborhood Legal Services Program, was on the brief, for appellant.

Theodore J. Scheve appeared pro se.

Before FERREN and STEADMAN, Associate Judges, and NEWMAN, Senior Judge.

FERREN, Associate Judge:

In this case the Civil Division of the Superior Court entertained a summary action for possession, triable to a jury, under Landlord and Tenant Branch Rules. The trial court, after determining on defendant's motion for directed verdict that the plaintiff's tax deed was invalid, denied the tax purchaser's claim for possession. The court, however, imposed a lien against the property under D.C.Code § 47-1308 (1990) for the amount the purchaser had paid for the tax deed the court set aside. We hold that the trial court lacked authority to impose the lien, and accordingly we reverse.

## I.

In September 1987, plaintiffs, the Scheves, brought suit in the Landlord and Tenant Branch of Superior Court, seeking possession of the premises at 1429 Parkwood Place, N.W. based on a tax deed.[1] The defendant, Barnes, argued that the Landlord and Tenant Branch did not have subject matter jurisdiction. She also demanded a jury trial and interposed a plea of title. As a result, the case was transferred to the Civil Division of Superior Court for trial. *See* Super.Ct. L & T R. 5(c) (plea of title), 6 (jury demand). Shortly before trial, Barnes withdrew her plea of title.

On December 4, 1990, the trial court granted a directed verdict in Barnes' favor, ruling that the Scheves were not entitled to possession because their tax deed was invalid. On December 17, 1990, however, the trial court imposed a lien against the Parkwood Place property in the Scheves' favor for the amount of the taxes they had paid plus statutory interest.[2] The court's order explained that the court had imposed a lien, rather than ordering Barnes to compensate the Scheves for taxes paid, because Barnes was "not the property owner." [3] The court ruled that the Scheves were entitled, nonetheless, to "appropriate relief."

Barnes appeals, contending that the trial court had no authority to impose a lien against the property. More specifically, she argues that (1) the trial court had no authority to impose a lien on the property because its authority to act was limited to that of the Landlord and Tenant Branch, which only had authority to rule on the issue of possession; (2) there is no statutory authority for the imposition of a lien under D.C.Code § 47–1308, *supra* note 2, as a remedy for the purchaser of an invalid tax deed; and (3) the trial court, in any event, did not have authority to impose a lien on the property because the court did not have jurisdiction over the actual owner of the property. We agree with Barnes' first contention and therefore do not reach the other two.

## II.

This case concerns the authority of the Civil Division over a possessory action, certified and transferred by the Landlord and Tenant Branch because of a jury demand and a plea of title, when the plea of title—but not the jury demand—is withdrawn before trial.[4] It is important to note, first, that the rules governing the Landlord and Tenant Branch narrowly and specifically limit its reach. Rules 1 and 3 limit that Branch to summary actions for possession of real property, claims for personal property in the premises, and claims for money judgments based on rent in arrears.[5] Similarly, Rule 5

---

1. The Scheves had bought the property at a tax sale on January 18, 1980, for unpaid real estate taxes. The District of Columbia issued them a tax deed on June 3, 1983, which was recorded four days later.

2. The court-imposed lien was based on D.C.Code § 47–1308 (1990), which provides the remedies available to the purchaser of a tax deed set aside by the court:

   [I]f any conveyance made by the said Mayor, of property sold for taxes, shall at any time be set aside by decree of any court as invalid, the party in whose favor the decree is rendered shall pay to the party holding such conveyance, his heirs or assigns, the amount paid for such taxes and conveyances, together with interest at the rate of 6 per centum per annum.

3. The trial court said:

   Record title to the property, so far as the evidence shows, is in Allene Barnes, the defendant's mother, who passed away in 1983. Therefore, insofar as the defendant is not the property owner, the court will not order her to

pay to the plaintiffs the sum set forth above, although she appears to be the real party in interest, and so positioned herself throughout the litigation until shortly prior to trial, when she abandoned her formal plea of title.

4. As we said in *Mathis v. Barrett*, 544 A.2d 287, 288 n. 1 (D.C.1988).

   1. The Landlord and Tenant Branch is part of the Civil Division. In stating that a landlord and tenant case in which a plea of title is interposed "shall be certified to the Civil Division for trial on an expedited basis," Super.Ct. L & T R. 5(c) is intended to mean a certification for processing as a regular "civil action" or "CA" of the type referred to in Super.Ct.Civ.R. 2, in contrast with certification to the Civil Assignment Office for continued treatment under the landlord and tenant rules.

5. Super.Ct. L & T R. 1 provides in part:

   These Rules govern the procedures in summary proceedings for possession brought in this Court pursuant to D.C.Code §§ 45–1409 and 16–1501 et seq. (1981)....

strictly circumscribes the defenses and counterclaims a defendant may assert in the Landlord and Tenant Branch. In addition to a general denial, the defendant is limited to an equitable defense of recoupment or set-off, certain counterclaims for a money judgment, and a plea of title.[6] Furthermore, the Landlord and Tenant Branch itself is limited to bench trials; when a tenant-defendant demands a jury, Rule 6 requires certification of the action to the Civil Division for trial.[7] Similarly, even in the absence of a jury demand, when a defendant answers with a plea of title, the case must be certified under Rule 5(c) for trial in the Civil Division. See *supra* note 6.

Rule 1 provides that any case certified by the Landlord and Tenant Branch to the Civil Division pursuant to Rule 5(c) (plea of title) "shall be subject in all respects to the Superi-

or Court Rules of Civil Procedure."[8] In contrast, Rule 1 further provides that a case certified to the Civil Division pursuant to Rule 6 (jury demand) "shall remain subject to these Landlord and Tenant Rules in all respects, except that the actual conduct of the trial shall be in accordance with the Rules of the Civil Division governing trial procedure." See *supra* note 8.

■ When this case was originally certified to the Civil Division pursuant to Rules 5(c) and 6, the case became subject in all respects to the Superior Court Rules of Civil Procedure because of Barnes' Rule 6 plea of title. After the case had been certified, however, but before trial, Barnes withdrew her plea of title and the case then proceeded in the Civil Division only because of Barnes' jury demand.[9] According to Rule 1, there-

---

Super.Ct. L & T R. 3 provides in part:

An original or amended complaint may include a claim for the recovery of personal property located in the premises and belonging to the plaintiff and may also include a claim for a money judgment based on rent in arrears, provided that no money judgment shall be rendered against the defendant unless he has been personally served or unless he asserts a counterclaim or a defense of recoupment or setoff.

6.  Super.Ct. L & T R. 5 provides in part:

\*     \*     \*     \*     \*     \*

(b) *Counterclaims.* In actions in this Branch for recovery of possession of property in which the basis of recovery is nonpayment of rent or in which there is joined a claim for recovery of rent in arrears, the defendant may assert an equitable defense of recoupment or set-off or a counterclaim for a money judgment based on the payment of rent or on expenditures claimed as credits against rent or for equitable relief related to the premises. No other counterclaims, whether based on personal injury or otherwise, may be filed in this Branch. This exclusion shall be without prejudice to the prosecution of such claims in other Branches of the Court.

\*     \*     \*     \*     \*     \*

(c) *Plea of Title.* A defendant desiring to interpose a plea of title must file such a plea in writing, under oath, accompanied by a certification that it is filed in good faith and not for the purpose of delay ... the case shall be certified to the Civil Division for trial on an expedited basis.

See *Mathis, supra* note 4 (upheld Landlord and Tenant Branch's dismissal of tenant's counterclaims for constructive eviction, malicious prosecution, and general and punitive damages based

on alleged housing code violations); *Brown v. Young,* 364 A.2d 1171, 1173 (D.C.1976) sustained Landlord and Tenant Branch's refusal to allow tenants to defend against landlord's demand for possession on ground that sale of premises to landlord violated terms of lease.

7.  Super.Ct. L & T R. 6 provides in part:

Any party entitled to a jury trial may demand a trial by jury of any action brought in this Branch by filing a demand for such jury trial signed by the party or his [or her] attorney of record.... If a trial by jury is properly demanded, the case will be certified to the Civil Division and scheduled for trial on an expedited basis.

The Seventh Amendment entitles any party to an action for possession of real property to a jury trial. *See Pernell v. Southall Realty,* 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974); *see also Davis v. Rental Assoc., Inc.,* 456 A.2d 820, 823 (D.C.1983) (en banc) (plurality opinion).

8.  Super.Ct. L & T R. 1 provides in part:

... When any case so brought is certified to the Civil Division pursuant to SCR LT 6, such case shall be scheduled for trial on an expedited basis and shall remain subject to these Landlord and Tenant Rules in all respects except that the actual conduct of the trial shall be in accordance with the Rules of the Civil Division governing trial procedure. When any case so brought is certified to the Civil Division pursuant to SCR LT 5(c), it shall be subject in all respects to the Superior Court Rules of Civil Procedure.

\*     \*     \*     \*     \*     \*

9.  The trial court apparently relied on Barnes' plea of title to establish authority to award the

fore, this case should have remained subject to Landlord and Tenant Branch rules—including limitations on cognizable actions—in all respects, except for the actual conduct of the trial (under the Rules of the Civil Division governing trial procedure). See *supra* note 8. The trial court's authority accordingly was limited in scope to that of the Landlord and Tenant Branch; the court had no authority to grant the Scheves relief beyond awarding the claimed right to possession, *see* Super.Ct. L & T R. 1 & 3, *supra* note 5, just as the court would have had no authority to entertain a counterclaim beyond the scope of Landlord and Tenant Branch rules. *See Mathis, supra* note 6; *Brown, supra* note 6.

■ Once the Scheves' claim for possession failed for lack of a valid tax deed, the trial court—limited to the claims cognizable in the Landlord and Tenant Branch, see *supra* note 5—should have ended the matter. The court had no authority to entertain and impose any remedy under D.C.Code § 47–1308, *supra* note 2, or any other form of relief. The trial court's judgment accordingly must be reversed and the case remanded for further proceedings consistent with this opinion.[10]

*So ordered.*

Scheves the lien on the Parkwood Place property. The court stated that "it was [defendant's] plea of title that gave this case a life of its own in the Civil Division as opposed to the expeditious treatment it would have otherwise received in the Landlord and Tenant Branch of the Court." This case, however, would have been transferred back to the Landlord and Tenant Branch when Barnes withdrew her plea of title if she had not continued her demand for a jury trial. *See supra* note 7. The case, therefore, was retained by the Civil Division only because of the jury demand, not because of the withdrawn plea of title. We intimate no opinion on the outcome of the case had Barnes not withdrawn her plea of title.

10. We have deliberately avoided characterizing our discussion as a limitation on Landlord and Tenant Branch "jurisdiction"; rather, we speak in terms of court rules limitations on that Branch's "authority" or "reach" or "cognizable actions." We thus recognize that circumstances can arise in which a judgment improperly entered, without objection, in the Landlord and Tenant Branch will not necessarily be void for lack of jurisdiction, *see Andrade v. Jackson,* 401 A.2d 990 (D.C.1979), and may have preclusive (collateral estoppel) effect in a subsequent proceeding between the same parties. *See Ali Baba Co., Inc. v. WILCO, Inc.,* 482 A.2d 418 (D.C.1984).