William B. FLYNN, Jr., et al., Plaintiffs,

v.

3900 WATSON PLACE, INC., Defendant.

No. CIV.A. 99–365 (RWR).

United States District Court, District of Columbia.

Aug. 5, 1999.

Steven Gary Polin, Washington, DC, for Plaintiffs.

Adam Lipton, Kass & Skalet, PLLC, Washington, DC, for Defendant.

## MEMORANDUM OPINION

ROBERTS, District Judge.

On August 10, 1998, plaintiff William B. Flynn, Jr., a co-owner and resident at a local cooperative apartment building, hit the building receptionist, called her a "bitch," and was arrested and charged with assault.[1] This was neither his first nor last act that triggered a complaint.[2] Between November of 1997 and August 18, 1998, the cooperative board received complaints that Mr. Flynn harassed a resident; harassed, yelled at, insulted, threatened and was verbally abusive toward the receptionist; damaged a car blocking his parking space; attempted to force entry into the switchboard cage; was drunk in public areas of the building; vandalized a resident's car, and twice stole plates from a resident's car.[3] Mr. Flynn did not attend a meeting to which the board had invited him where it considered his behavior and his continued residency.[4] The cooperative ultimately sued in D.C. Superior Court to evict plaintiffs.

One day before the scheduled Superior Court trial, plaintiffs filed in federal court a motion for a temporary restraining order essentially seeking to stop the local court trial.[5] They argued that the cooperative was illegally discriminating against them because of Mr. Flynn's alcoholism, a condition he first claimed only days before the scheduled trial.[6] Following a hearing the same day, this court denied the motion.

The trial proceeded and the Superior Court awarded judgment to the cooperative.

Plaintiffs William and Francine Flynn allege in the instant complaint that the defendant housing cooperative, 3900 Watson Place, Inc., violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, by discriminating against them on the basis of Mr. Flynn's alcoholism and hearing impairment. The defendant asserts that this claim is barred by the doctrine of *res judicata* because the claim arises out of a cause of action already litigated between the parties in the Landlord and Tenant Branch of D.C. Superior Court. The court concludes that District of Columbia law precludes relitigation of plaintiffs' Fair Housing Act claim in federal court because that claim arises from the same nucleus of facts as those adjudicated in the landlord-tenant court, and the plaintiffs had an opportunity to raise their Fair Housing Act claim as a defense in that proceeding. Therefore, as a matter of law, plaintiffs' claim must be dismissed with prejudice.[7]

## I. BACKGROUND

On February 17, 1999, trial was held in the Landlord and Tenant Branch of the Superior Court of the District of Columbia to determine whether the Flynns' residency rights could be lawfully terminated under the bylaws of 3900 Watson Place, Inc. and the terms of the Flynns' perpetual use

1. *See* Pls.' Brief in Support of their Position that neither Res Judicata nor Collateral Estoppel Acts as a Bar to this Court from Hearing their Fair Housing Act Claim ("Pls.' Brief") at 2, and attachment (*3900 Watson Place, Inc. v. William B. Flynn, Jr., et al.,* Civ. No. 98lt47583, slip op. at 2 (D.C.Super.Ct. March 18, 1999)).

2. *See* Pls.' Brief, attachment (*3900 Watson Place, Inc.,* Civ. No. 98lt47583, slip op. at 1–2).

3. *Id.;* Pls.' Mot. for T.R.O. and/or Prelim. Inj., Decl. of Francine Flynn, Ex. 10.

4. *See* Pls.' Brief, attachment (*3900 Watson Place, Inc.,* Civ. No. 98lt47583, slip op. at 2);

Pls.' Mot. for T.R.O. and/or Prelim. Inj., Decl. of Francine Flynn, Exs. 2, 5.

5. *See* Pls.' Mot. for T.R.O. and/or Prelim. Inj.

6. *See* Mem. in Supp. of Pls.' Mot. for Order to Show Cause and for T.R.O. and Prelim. Inj. at 2.

7. On May 14, 1999, the Court asked the parties to submit briefs discussing the applicability of *res judicata* and collateral estoppel to plaintiffs' Fair Housing Act claim. Because the doctrine of *res judicata* bars plaintiffs' action, the Court does not reach the issue of collateral estoppel.

and equity contract. 3900 Watson Place sought to terminate the Flynns' residency rights based upon the complaints received about Mr. Flynn's conduct.[8]

The Flynns were represented by counsel at trial and were permitted to call witnesses, cross-examine witnesses, present evidence, and file a post-trial brief with that court before that court issued its decision on the merits of the case.[9] The Flynns were granted limited discovery fifteen days before trial,[10] and received discovery documents one week before trial.[11] The Flynns planned to but did not call a witness from the Psychiatric Institute because that witness reportedly was unavailable on the afternoon of February 17, 1999.[12]

While the Flynns were prohibited by the Landlord and Tenant Branch's procedural rules from filing a counterclaim alleging a violation of the Fair Housing Act, *see* Super. Ct. R. Civ. P. L & T 5(b), the Flynns did raise their Fair Housing Act claim as a defense in the landlord-tenant possession action.[13] The Flynns voluntarily withdrew that defense at the end of the trial.[14]

In a Memorandum and Order issued on March 18, 1999, Judge Burgess of the D.C. Superior Court determined that the Board of Directors at 3900 Watson Place "acted within their authority in terminating the residency rights of the [Flynns]."[15] Judge Burgess entered judgment for possession in favor of 3900 Watson Place and against the Flynns.

On February 16, 1999, the day before trial commenced in landlord-tenant court, the Flynns filed this action in the U.S. District Court for the District of Columbia alleging that 3900 Watson Place violated the Fair Housing Act by failing to accommodate Mr. Flynn's alcoholism and hearing impairment and by wrongfully terminating the Flynns' residency because of Mr. Flynn's disabilities. Defendant 3900 Watson Place has filed a brief urging this Court to dismiss plaintiffs' Fair Housing Act claim with prejudice because it is barred by the doctrine of *res judicata*, an affirmative defense asserted in defendant's Answer. The Court will treat defendant's brief as a motion for summary judgment.[16]

8. *See* Def.'s Brief Regarding Case Status ("Def.'s Brief"), Ex. B (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, slip op. at 1–2).

9. *See, e.g.*, Def.'s Brief, Ex. A (*3900 Watson Place, Inc. v. William B. Flynn, Jr., et al.*, Civ. No. 98lt47583, Tr. at 2–17 (D.C.Super. Ct. February 17, 1999) (opportunity to call witnesses and present evidence)); Def.'s Brief, Ex. B (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, slip op. at 1 noting judgment after trial and submission of post-trial memoranda); Pls.' [Opp'n] Brief in Support of their Position that neither Res Judicata nor Collateral Estoppel Acts as a Bar to this Court from Hearing their Fair Housing Act Claim ("Pls.' Opp'n") at 6 (cross-examination of witness permitted, although arguably limited by judge's discovery ruling); Def.'s Opp'n to Pls.' Brief Regarding Case Status ("Def.'s Opp'n") at 5 (Flynns represented by counsel, permitted to call and cross-examine witnesses and introduce exhibits).

10. *See* Pls.' Brief at 3 (Flynns granted limited discovery on February 2, 1999).

11. *See* Pls.' Reply to Def.'s Opp'n to Pls.' Brief Regarding Case Status ("Pls.' Reply") at 4.

12. *See* Def.'s Brief, Ex. A (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, Tr. at 17). The Superior Court rule of civil procedure that governs the issuance of trial subpoenas is applicable to landlord-tenant proceedings. *See* Super. Ct. R. Civ. P. L & T 2 (Super. Ct. R. Civ. P. 45 applicable to landlord-tenant proceedings).

13. *See* Pls.' Brief at 4 (Flynns relied upon federal Fair Housing Act as defense to 3900 Watson Place's action for possession).

14. *See* Def.'s Brief, Ex. A (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, Tr. at 19–20).

15. Def.'s Brief, Ex. B (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, slip op. at 22).

16. *See* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4405 (2d ed. 1981 & Supp. 1999); *see also Carr v. Rose*, 701 A.2d 1065, 1070 n. 9 (D.C.1997) (when trial court considers matters beyond the face of the complaint in reaching its decision to dismiss a claim on *res judicata* grounds, the effect is to grant summary judgment).

Plaintiffs argue that *res judicata* does not bar their Fair Housing Act claim because they were not provided a full and fair opportunity to litigate their discrimination claim in the Landlord and Tenant Branch of the D.C. Superior Court.

## II. STANDARD OF REVIEW

Summary judgment may be granted in defendant's favor if there is no genuine issue as to any material fact, and the defendant demonstrates that he is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). It is the defendant who bears the initial burden of demonstrating that there are no genuine issues of material fact in dispute. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the defendant's motion for summary judgment, this Court must draw all justifiable inferences in the plaintiffs' favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The facts in this case are largely undisputed. The question which must be resolved is whether, viewing the facts in a light most favorable to the plaintiffs, defendant is entitled to judgment as a matter of law because the doctrine of *res judicata* bars plaintiffs' from pursuing their Fair Housing Act claim in federal district court.

 Under 28 U.S.C. § 1738, federal courts are required "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). This Court must therefore look to the District of Columbia Court of Appeals for guidance on the question of claim preclusion. In the District of Columbia,

> [u]nder the doctrine of *res judicata,* or claim preclusion, a prior judgment on

the merits raises an absolute bar to the relitigation of the same cause of action between the original parties or those in privity with them. The doctrine bars relitigation not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented.

*Shin v. Portals Confederation Corp.,* 728 A.2d 615, 618 (D.C.1999) (internal citations and quotations omitted); *see also Smith v. Jenkins,* 562 A.2d 610, 613 (D.C.1989). Under this doctrine, defendant 3900 Watson Place must show that the landlord-tenant proceeding resulted in a judgment on the merits, that the parties involved in the landlord-tenant case and those involved in this case are the same, and that the landlord-tenant case and this case arise from the same cause of action. *See Shin,* 728 A.2d at 618 (citing *Amos v. Shelton,* 497 A.2d 1082, 1084 (D.C.1985)).

## III. ANALYSIS

The parties do not dispute that the landlord-tenant action was decided on the merits and that Judge Burgess entered judgment for possession in favor of 3900 Watson Place.[17] The landlord-tenant action and this action also involve precisely the same parties. The final inquiry, then, is whether both cases arise from the same cause of action or common nucleus of facts.

 Under District of Columbia law, a cause of action "comprises 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Smith,* 562 A.2d at 613 (quoting *Restatement (Second) of Judgments* § 24(1) (1982)). Both the landlord-tenant case and this case arise out of the same series of incidents involving Mr. Flynn's reportedly threatening behavior and the subsequent

---

**17.** *See* Pls.' Brief at 5; *see also* Def.'s Brief, Ex. B (*3900 Watson Place, Inc.,* Civ. No. 98lt47583, slip op. at 22).

termination of the Flynns' residency agreement. Furthermore, although the plaintiffs in this case request a court order preventing 3900 Watson Place from enforcing the provisions of its bylaws and terminating plaintiffs' residency rights,[18] whether or not 3900 Watson Place may legally terminate the Flynns' residency has already been adjudicated by the landlord-tenant court.[19] Where "the underlying facts of the case comprise a single occurrence or chain of related events[,]" an identity of claims exists. *Id.* This Court concludes that both of the lawsuits arise from the same nucleus of facts, namely, Flynn's conduct and the resulting termination of the Flynns' residency rights by 3900 Watson Place.

█ Plaintiffs argue that even if their Fair Housing Act claim would ordinarily be barred, their inability to assert a Fair Housing Act *counterclaim* in the landlord-tenant proceeding and the limited nature of discovery in that proceeding denied them due process. Plaintiffs should be able to obtain a judgment on the merits in this federal proceeding, they say, because they did not have an opportunity to fully and fairly litigate their discrimination claim in the Landlord and Tenant Branch of D.C. Superior Court.

Plaintiffs fail to establish that they have been denied due process. In *Shin v. Portals Confederation Corporation,* the D.C. Court of Appeals held that "a party will be foreclosed from later seeking relief on the basis of issues which might have been raised in the prior action." 728 A.2d at 618. Rule 5(b) of the Superior Court Rules of Civil Procedure governing landlord-tenant proceedings prevented Shin from filing counterclaims in landlord-tenant court for fraudulent misrepresentation and breach of contract. However, because Shin was able to raise those issues as legal defenses in landlord-tenant court, the D.C. Court of Appeals held that *res judicata* barred a subsequent suit seeking recovery on the same claims. *See id.* at 618–19. The distinction between a *counterclaim* and a *defense* did not shield Shin from the preclusive effect of a landlord-tenant judgment.

█ It is true that the rules of civil procedure governing landlord-tenant proceedings prevented the Flynns from asserting a counterclaim under the Fair Housing Act. *See* Super. Ct. R. Civ. P. L & T 5(b) (setting forth limits on counterclaims). However, under Rule 5(b), "a defendant always has the right to present any legal defense as part of a general denial of liability" even if the issue cannot be raised as a counterclaim. *Shin,* 728 A.2d at 619 (citing *Barnes v. Scheve,* 633 A.2d 62, 65 (D.C.1993)). It is undisputed that the Flynns raised the Fair Housing Act as a defense to 3900 Watson Place's possession action in landlord-tenant court.[20] The fact that the Flynns chose to withdraw that defense prior to the close of trial [21] is of no consequence. *See id.* at 618 (voluntary dismissal of counterclaim in first case does not shield that claim from a *res judicata*-based dismissal in subsequent action).

By raising the Fair Housing Act as a *defense,* the Flynns had an opportunity in the Landlord and Tenant Branch of D.C. Superior Court to prove that 3900 Watson Place violated the Fair Housing Act by failing to accommodate Mr. Flynn's disabilities. *See* 42 U.S.C. § 3604(f)(3)(B). If Judge Burgess had accepted the Flynns' Fair Housing Act defense, that defense would have defeated 3900 Watson Place's claim for possession. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1270 (2d ed.1990) (affirmative defense will defeat plaintiff's

---

18. *See* Compl. at 8–9 (paragraphs A and D).

19. *See* Def.'s Brief, Ex. B (*3900 Watson Place, Inc.,* Civ. No. 98lt47583, slip op. at 22).

20. *See* Pls.' Brief at 4.

21. *See* Def.'s Brief, Ex. A (*3900 Watson Place, Inc.,* Civ. No. 98lt47583, Tr. at 19–20).

claim if accepted by the court); *cf. Parnes v. Bally Entertainment Corp.*, 722 A.2d 1243, 1246 (Del.1999) (board of directors' decisions that are "beyond the bounds of reasonable judgment" will not be upheld).[22]

■ Plaintiffs also argue that they were denied an opportunity to fully and fairly litigate their Fair Housing Act *defense*, and that this denial of due process shields them from a dismissal of their claim under the doctrine of *res judicata.* This argument also fails. In *Kremer v. Chemical Construction Corporation*, the Supreme Court held that "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." 456 U.S. at 481, 102 S.Ct. 1883. This standard focuses on procedural due process. *See id.* at 482 n. 23, 102 S.Ct. 1883. Appropriate procedural safeguards include, but are not limited to, the right to submit exhibits, present the testimony of witnesses, rebut evidence submitted by an adverse party, and be assisted by counsel. *Id.* at 483–84, 102 S.Ct. 1883; *see also Davis v. Davis*, 663 A.2d 499 (D.C.1995) (noting that a party has a full and fair opportunity to litigate an issue if the party is given an opportunity to present witnesses, introduce exhibits, challenge contrary evidence, make opening and closing statements, and receive an examiner's determination of the facts and the law).

The Flynns rely on cases such as *West v. Ruff*, 961 F.2d 1064 (2d Cir.1992), and *Wood v. Garden State Paper Company*, 577 F.Supp. 632 (D.N.J.1983), to support their argument that limited discovery in the landlord-tenant court denied them due process. That reliance is misplaced. In *West v. Ruff*, the Second Circuit concluded that West, a prison inmate, was denied a full and fair opportunity to litigate his negligence action in state court because West's court-appointed counsel in the federal case was not notified of West's suit in state court, the state judge had no notice of the availability of appointed counsel for West, West was given one day's notice of his trial date, West was not permitted discovery nor provided with sufficient notice to obtain the presence of an eyewitness, and West was not knowledgeable about court procedures. *See West*, 961 F.2d at 1065; *see also Wood*, 577 F.Supp. at 635 (plaintiff was never afforded an opportunity to appear before state Department of Law and Public Safety and was therefore never permitted to present witnesses or exhibits, rebut evidence, or issue subpoenas).

■ In contrast, the Flynns were represented at all times by counsel in landlord-tenant court. The Flynns, through their counsel, had an opportunity in the landlord-tenant proceeding to call witnesses, introduce evidence, challenge contrary evidence, cross-examine witnesses, and make arguments to the court.[23] Flynns' counsel requested and was granted limited discovery within the procedural rules governing landlord-tenant proceedings.[24] While it is clear that the Flynns were unhappy with the scope of Judge Burgess' discovery ruling,[25] their redress lies in the D.C. Court of Appeals to which they have appealed

---

22. Because 3900 Watson Place, Inc. is a Delaware corporation, the parties' landlord-tenant dispute was governed by Delaware law. *See* Def.'s Brief, Ex. B (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, slip op. at 3).

23. *See* Def.'s Brief, Ex. A (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, Tr. at 2–17 (opportunity to call witnesses and present evidence)); Pls.' Opp'n at 6 (cross-examination of witness permitted, although arguably limited by judge's discovery ruling); Def.'s Opp'n at 5

(Flynns represented by counsel, permitted to call and cross-examine witnesses and introduce exhibits).

24. *See* Pls.' Brief at 3 (Flynns granted limited discovery on February 2, 1999).

25. *See* Pls.' Opp'n at 6–7 (arguing that the landlord-tenant court's discovery order prejudiced the Flynns by, among other things, limiting the scope of cross-examination).

that issue. Their dissatisfaction with Judge Burgess' exercise of discretion does not, however, establish a denial of the minimum procedural requirements of due process. Plaintiffs' counsel received discovery materials one week before trial [26] and was permitted at trial to call witnesses and cross-examine the one witness called by 3900 Watson Place.[27] Although one of the Flynns' witnesses did not appear in court, the Flynns do not refute that they had the ability to subpoena that witness if they chose do so.[28] Based on the record presented, this Court concludes that the Flynns were permitted to litigate their Fair Housing Act defense in landlord-tenant court in accordance with due process principles.

## IV. CONCLUSION

■ The doctrine of *res judicata* is designed "to prevent the relitigation of claims that plaintiffs have already had a full and fair opportunity to litigate, thereby protecting adversaries from expensive and vexatious multiple lawsuits, conserving judicial resources, and minimizing the likelihood of inconsistent outcomes." *Carr v. Rose*, 701 A.2d 1065, 1071 (D.C.1997) (quoting *Smith*, 562 A.2d at 615 (internal quotations omitted)). Here, plaintiffs seek to attack the validity of the landlord-tenant judgment by relitigating their claim that 3900 Watson Place unlawfully terminated their residency rights. Because plaintiffs had an opportunity to raise that claim as a defense in the landlord-tenant proceeding and because that proceeding adequately protected plaintiffs' due process rights, this action is barred by the doctrine of *res judicata* and is hereby dismissed with prejudice. A separate order shall be issued.

26. *See* Pls.' Reply at 4.

27. *See* Pls.' Brief at 4 (cross-examination permitted). That cross-examination was based on the limited discovery materials provided to the Flynns' counsel. *Id.*

## ORDER/JUDGMENT

Pending before the Court is defendant's request to dismiss this case with prejudice because the doctrine of *res judicata* bars plaintiffs' Fair Housing Act claim. Although submitted as a Brief Regarding Case Status, the Court will treat defendant's brief as a motion for summary judgment. Therefore, upon consideration of defendant's motion, plaintiff's opposition, defendant's reply, and the entire record in this case, it is hereby

ORDERED that defendant's motion for summary judgment shall be, and hereby is, GRANTED for the reasons set forth in the accompanying Memorandum Opinion. It is further

ORDERED that the Clerk shall enter judgment in favor of defendant and against plaintiffs. It is further

ORDERED that this action shall be, and hereby is, dismissed with prejudice.

28. *See* Def.'s Brief, Ex. A (*3900 Watson Place, Inc.*, Civ. No. 98lt47583, Tr. at 17). The Superior Court rule of civil procedure that governs the issuance of trial subpoenas is applicable to landlord-tenant proceedings. *See* Super. Ct. R. Civ. P. L & T 2 (Super. Ct. R. Civ. P. 45 applicable to landlord-tenant proceedings).