183 N.J. Super. 500 (1982)
444 A.2d 614
JOSEPHINE HERMANN, PLAINTIFF-APPELLANT,
v.
FAIRLEIGH DICKINSON UNIVERSITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1982.
Decided April 13, 1982.
*501 Before Judges BISCHOFF, KING and POLOW.[1]
Steven E. Pollan argued the cause for appellant (Pollan & Pollan attorneys; Steven E. Pollan of counsel and on the brief).
Wayne J. Positan argued the cause for respondent (Lum, Biunno & Tompkins attorneys; Martin Clinton Conant and Wayne J. Positan of counsel; Wayne J. Positan on the brief).
The opinion of the court was delivered by POLOW, J.A.D.
Plaintiff brought an action in the Law Division against her former employer for damages allegedly suffered as the result of discrimination. Her complaint was dismissed by the trial judge who determined that the suit was excluded by a previous adverse ruling on the same grievance in the Division on Civil *502 Rights (Division). N.J.S.A. 10:5-27. On this appeal plaintiff argues that the administrative finding of "no probable cause" effectively deprived her of a hearing on her grievance and therefore there was no "final determination" in the Division which would bar redress in the courts. We disagree and affirm.
Plaintiff had been employed at defendant's Rutherford campus for 11 years, ultimately advancing to the position of "senior accountant." On September 8, 1978 she was discharged. She filed a complaint with the Division alleging discrimination based upon her age, 53, and her sex, in violation of N.J.S.A. 10:5-1 et seq. Her complaint set forth the following allegations:
A. COMPLAINANT WAS THE ONLY FEMALE SENIOR ACCOUNT IN HER DEPARTMENT
B. COMPLAINANT HAD THE MOST SENIORITY OF THE SENIOR AND JUNIOR ACCOUNTANTS
C. COMPLAINANT FEELS THAT MR. LYONS METHOD OF SUPERVISION OF HER WAS DISCRIMINATORY AS COMPARED TO HER MALE CO-WORKERS
D. COMPLAINANT STATES MR. LYONS WOULD TELL HER TO DO SOMETHING, THEN CHANGE THE METHOD AND TELL HER SHE DID IT WRONG. THIS WAS NOT DONE TO THE YOUNGER ACCOUNTANTS
E. COMPLAINANT STATES SHE ALWAYS PERFORMED IN A SATISFACTORY MANNER
After a factfinding conference and an administrative investigation the field investigator submitted the following report:
Specifically, the complainant alleged discrimination based on sex and age. The Complainant is 53 years of age and of the female gender. The complainant alleged that she was laid-off and was the only female Senior Accountant. The Complainant alleged that she always performed her work in a satisfactorily manner.
However, the investigation revealed that the Complainant was not laid-off, but rather, discharged on September 8, 1978. The discharge was based on unsatisfactory work regarding the Complainant's job functions as a Senior Accountant.
The documented personnel records from July 1976 and continuing through August 1978, reflected that the complainant received ten (10) work-related warnings. Despite the warnings, the Complainant was still not inclined to accept Thomas Lyons, [sic] Supervisor, corrective criticisms.
In terms of the age aspect of discrimination, the respondents employ only two other Senior Accountants. These employees are H. Waksmundzki, age 49, and C. *503 Mousin, age 63. Both are of the male sex and have satisfactory records concerning their work performance. There was no evidence that Mr. Lyons' method of supervising the above employees was any different than that for Complainant.
Further investigation revealed that on April 22, 1977, the respondent discharged another Senior Accountant, Larry Spence (male). Mr. Spence was discharged for similar reasons as the Complainant, despite receiving less written warnings.
Therefore, based on the above, it appears that neither the Complainant's sex or age played a role in the decision of discharge.
RECOMMENDATION:
I recommend that this case be closed No Probable Cause.
Thereupon, a formal "finding of no probable cause" was executed and filed by the Director of the Division on March 26, 1980. Although a notice of appeal to the Appellate Division was served and filed, plaintiff elected to abandon her appeal. She then instituted a suit for damages in the Law Division based upon the same grievance alleged in her administrative proceeding. She now appeals from the dismissal of that suit.
The Law Against Discrimination provides alternative avenues for redress against or relief from unlawful discrimination. An aggrieved party may file a suit in the Superior Court or seek relief in the Division. N.J.S.A. 10:5-13. Where, as here, plaintiff elects the administrative remedy, the Law Against Discrimination provides that such proceedings "shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned." N.J.S.A. 10:5-27. Plaintiff concedes that during pendency of the administrative process she could not seek relief in the courts except by way of appellate review. However, she insists that there was no "final determination" which would exclude a civil action because no hearing was ever conducted.
We find plaintiff's position devoid of merit. Whether she was improperly denied a hearing on her grievance is not the issue. We note, however, that no hearing was requested and that, even had such a request been made, the administrative mechanism permitting disposition by the Director without a *504 hearing for lack of probable cause is not, in itself, violative of due process. Sprague v. Glassboro State College, 161 N.J. Super. 218 (App.Div. 1978).
Here, plaintiff elected the administrative route. When her grievance was dismissed for lack of probable cause, she was not deprived of judicial review of the propriety of that determination. She withdrew her appeal in which she could have pressed her argument that lack of a hearing violated her right to due process. "The proper procedure was to raise these claims before the Appellate Division upon appeal...." Christian Bros. Inst. v. North N.J. Interschol. League, 86 N.J. 409, 415-416 (1981). By voluntary abandonment of the appellate process, she may not circumvent the statutory exclusion.
Plaintiff could have elected to seek relief in the courts in the first instance. N.J.S.A. 10:5-13; Gray v. Serruto Builders, Inc., 110 N.J. Super. 297, 301 (Ch.Div. 1970). However, having chosen to pursue her grievance administratively, that chosen remedy is exclusive while it is pending and when it has been concluded. Christian Bros. Inst. v. North N.J. Interschol. League, supra, 86 N.J. at 415.
The adverse division finding of no probable cause was a final appealable determination. Such a finding is a final order, N.J.A.C. 13:4-15.3, and a final order of the Director of the Division is appealable to the Appellate Division. N.J.S.A. 10:5-21.
In choosing the alternative administrative mechanism by filing the complaint with the Division on Civil Rights, appellant was availing himself of a means of redress normally swifter and less expensive than formal litigation. Having established the alternative administrative mechanism of the Division on Civil Rights, it was proper for the Legislature to devise procedures enabling the agency to deal with large numbers of complaints as swiftly as possible. See David v. Vesta Co., 45 N.J. 301, 316 (1965) (authorizing the Legislature to exclude certain types of real property from the reach of the Law Against Discrimination because they might entail "greater problems of enforcement, regulation and administration"). [Sprague v. Glassboro State College, supra, 161 N.J. Super. at 226]
Plaintiff took advantage of the alternate administrative mechanism, availing herself of the normally swifter and less *505 expensive remedy. The statute prohibits additional resort to the judicial system except for appellate review of an adverse administrative determination. Having voluntarily abandoned her appeal from the finding of no probable cause, plaintiff may not now seek alternative relief by way of a trial in the Law Division based upon the same grievance. We are fully satisfied that for the reasons stated, the dismissal of her complaint in the Law Division did not deprive plaintiff of any constitutional or statutory rights.
Affirmed.
NOTES
[1] Although Judge King was not present during oral argument, counsel have consented to his participation on this appeal without further oral argument.