Edmund P. **BOUKER**

v.

**CIGNA CORPORATION.**

Civ. A. No. 94–0039.

United States District Court,
E.D. Pennsylvania.

March 15, 1994.

William A. De Stefano, De Stefano & Warren, P.C., Philadelphia, PA, for plaintiff.

James B. Herman, CIGNA, Philadelphia, PA, for defendant.

### *OPINION*

PADOVA, District Judge.

This case involves claims of age discrimination in employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621–634 (West

1985 & Supp.1993), and the New York Human Rights Law ("NYHRL"), N.Y.Exec.Law §§ 290–301 (McKinney 1993 & Supp.1994). Presently before me is defendant's motion to dismiss the state law claim, which raises an issue apparently of first impression. For the following reasons, I will grant the motion.

On January 4, 1994, plaintiff Edmund P. Bouker ("Bouker") filed a complaint averring the following facts. From 1961 until 1990, Equicor, an entity that provides and sells various types of insurance and related administrative services to various institutional clients, employed Bouker. In December of 1990, defendant CIGNA Corporation ("CIGNA") acquired Equicor, with the intention of partially continuing Equicor's business and employment relationships.

Subsequently, by letter dated April 20, 1992, CIGNA informed Bouker that his position would be eliminated on June 15, 1992 because of the relocation of its National Accounts Department from New York to Connecticut. On June 15, 1992, CIGNA terminated Bouker, who was then 52 years old, and replaced him with a 33 year old employee who was not asked to take on the same case management responsibilities as Bouker.

On January 20, 1993, Bouker filed a written charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"). On April 27, 1993, Bouker's attorney, on behalf of Bouker and pursuant to the requirements of ADEA, 29 U.S.C.A. § 633(b), filed a written charge of discrimination with the New York State Division of Human Rights (the "Division").[1] More than 60 days have passed since the written charges were filed with the state and federal agencies, and these agencies have not made final determinations. Based upon these allegations, Bouker asserts claims of age discrimination in employment in violation of ADEA and the NYHRL.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), CIGNA moves to dismiss Bouker's NYHRL claim. In deciding a motion to dismiss under Rule 12(b)(6), I must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to plaintiff, and ask whether, under any reasonable reading of the complaint, plaintiff may be entitled to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d Cir.), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). This standard will guide my analysis of CIGNA's motion.

Because Bouker's NYHRL claim is asserted in conjunction with a federal ADEA claim, it comes within this Court's supplemental jurisdiction. *See* 28 U.S.C.A. § 1367 (West 1993).[2] With respect to a supplemental state law claim, federal courts must apply state substantive law. *See Promisel v. First Am. Artificial Flowers, Inc.,* 943 F.2d 251, 257 (2d Cir.1991) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)), *cert. denied,* —— U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992). As the state claim in this case is asserted under a New York statute, I must apply New York law. *See id.*

Under New York law, age discrimination in employment is an "unlawful discriminatory practice." N.Y.Exec.Law § 296(1)(a).[3] To

---

**1.** As will become apparent, the issue of who filed the charge with the Division is relevant to the disposition of this motion. The complaint merely alleges that a "written charge of discrimination was filed on [Bouker's] behalf with the New York State Division of Human Rights." Complaint at ¶ 26. For purposes of this motion, the parties stipulated to the incorporation into the complaint of Bouker's attorney's letter to the Division dated April 27, 1993. *See* Stipulation. Bouker's attorney's letter to the Division dated April 27, 1993 establishes that Bouker's attorney filed the administrative charge on Bouker's behalf to comply with the requirements of ADEA.

*See* Letter from Warren to Division of April 27, 1993.

**2.** The parties do not contest the issue of supplemental jurisdiction with respect to Bouker's NYHRL claim. Accordingly, I will not address the issue here.

**3.** N.Y.Exec.Law § 296(1)(a) provides that:

It shall be an unlawful discriminatory practice ... for an employer ..., because of the age ... of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such

redress a grievance for an "unlawful discriminatory practice," the New York statutes provide, in relevant part, that:

1. Any person claiming to be aggrieved by an unlawful discriminatory practice may, by himself or his attorney-at-law, make, sign and file with the division a verified complaint in writing [the administrative charge]. . . .

9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint [an administrative charge] hereunder with any local commission on human rights[4]. . . . A complaint filed by the equal employment opportunity commission to comply with the requirements of 42 U.S.C. § 2000e–5(c) and 42 U.S.C. § 12117(a) and 29 U.S.C. § 633(b) shall not constitute the filing of a complaint within the meaning of this subdivision. . . .

N.Y.Exec.Law § 297(1), (9).[5]

■ New York courts have strictly construed N.Y.Exec.Law § 297(9) and have consistently held that a person who is the object of unlawful discrimination may assert a NYHRL claim in either a judicial or administrative forum, but not in both fora. *See Promisel,* 943 F.2d at 257. New York courts

have unanimously held that where the plaintiff himself files an administrative charge, he elects the administrative forum and is precluded from asserting his NYHRL claim in the judicial forum. *See, e.g., Hunnewell v. Manufacturers Hanover Trust Co.,* 628 F.Supp. 759, 761 (S.D.N.Y.1986). However, where the EEOC automatically refers an administrative charge to the Division, a plaintiff has not elected the administrative forum. *See* N.Y.Exec.Law § 297(9).[6]

CIGNA moves to dismiss Bouker's NYHRL claim, arguing that Bouker's attorney's filing of the administrative charge operates as an election of remedies under N.Y.Exec.Law § 297(9). Bouker responds by comparing his attorney with the EEOC. Bouker argues that because his attorney filed the administrative charge on his behalf, he himself has not elected a remedy. This case presents the novel issue of whether an attorney's filing of an administrative charge on behalf of the claimant operates as the claimant's election of the state administrative forum with respect to his NYHRL claim.

■ The starting point for statutory analysis is the statutory language itself. *See Concrete Pipe & Prods. v. Construction Laborers Pension Trust,* — U.S. —, —, 113 S.Ct. 2264, 2281, 124 L.Ed.2d 539 (1993). The first sentence of section 297(9) plainly

---

individual in compensation or in terms or privileges of employment.

4. The term "any local commission on human rights" includes the Division. *See Promisel,* 943 F.2d at 256–57.

5. N.Y.Exec.Law § 297(9) was amended twice. In 1991, the New York legislature essentially added most of the second sentence to § 297(9), directing that the EEOC's filing of a complaint to comply with 42 U.S.C. § 2000e–5(c) would not constitute the filing of a complaint within the meaning of § 297(9). *See* N.Y.Exec.Law § 297, Historical & Statutory Notes. In 1992, the New York legislature again amended § 297(9) to insert references to 42 U.S.C. § 12117(a) and ADEA, 29 U.S.C. § 633(b). *See id.*

6. This "election of remedies" rule creates an apparent anomaly for a person seeking redress under both ADEA and the NYHRL for unlawful age discrimination in employment. In states such as New York that have laws prohibiting age discrimination in employment and establishing

or authorizing state authorities to grant or seek relief from such discriminatory practices, a claimant cannot sue under ADEA until sixty days after the state administrative proceedings are commenced in accordance with those states' laws. *See* 29 U.S.C.A. § 633(b). Thus, in New York, once a claimant files an administrative charge with the state agency to comply with ADEA, the claimant becomes precluded, by operation of N.Y.Exec.Law § 297(9), from asserting his NYHRL claim in a judicial forum. *See Promisel,* 943 F.2d at 255.

Where a claimant first files an administrative charge with the EEOC, the EEOC has a policy of automatically referring the administrative charge to the appropriate state agency in a state such as New York. *See Promisel,* 943 F.2d at 255. The EEOC uses this automatic referral policy to help claimants comply with the state filing requirement, as set forth in 29 U.S.C.A. § 633(b). In 1991 and 1992, the New York legislature amended N.Y.Exec.Law § 297(9) to create an exception to the "election of remedies" rule when the EEOC makes its automatic referral.

creates a cause of action for "unlawful discriminatory practice[s]." *See* N.Y.Exec.Law § 297(9); *Promisel*, 943 F.2d at 257. I interpret the phrase "unless such person had filed a complaint *hereunder* with any local commission on human rights," as used in the first sentence of § 297(9) (emphasis added), to mean that if a claimant follows the statutory procedure for filing an administrative charge with the Division, he is precluded from asserting the NYHRL claim in a judicial forum. The procedure for the claimant's filing of an administrative charge expressly includes an attorney's filing of an administrative charge on the claimant's behalf. N.Y.Exec.Law § 297(1). Thus, the plain language of N.Y.Exec.Law § 297(1), (9) indicates that an attorney's filing of an administrative charge on behalf of a claimant operates as an election of an administrative forum by the claimant.

■ Moreover, established rules of statutory construction affirm this interpretation. First, a court should avoid an interpretation of a statute that would lead to absurd or unreasonable results. *See United Steelworkers of Am. v. North Star Steel Co.*, 5 F.3d 39, 42 (3d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1060, 127 L.Ed.2d 380 (1994). An absurd and unreasonable result would necessarily follow if I adopted Bouker's interpretation of the New York statute. A *pro se* claimant would be placed at a further disadvantage in comparison with a represented claimant [7] because the represented claimant could always avoid the "election of remedies" rule merely by having his attorney file the administrative charge on his behalf. The

exception that Bouker advocates would swallow the "election of remedies" rule, and the rule would thereby become meaningless. I refuse to adopt such a reading of the New York statute.

■ Second, the maxim *expressio unius est exclusio alterius* [8] means that the enumeration of specific exclusions from operation of a statute is an indication that the statute should apply to all cases not specifically excluded. *See United States v. Wong*, 3 F.3d 667, 670–71 (3d Cir.1993). Here, the first sentence of § 297(9) states the general "election of remedies" rule. The only specifically enumerated exclusion to this rule is stated in the second sentence of § 297(9), and occurs where the EEOC automatically refers the charge to the Division.[9] Under the above referenced rule of statutory construction, the enumeration of one exclusion implies that there are no other exclusions. Hence, an attorney's filing of an administrative charge on a claimant's behalf is not excluded from the "election of remedies" rule.[10]

The legislative history of the 1991 amendments [11] further support this interpretation of the New York statute. The legislature's debate indicates that the bill was intended solely to: (1) overrule *Scott v. Carter–Wallace, Inc.*, 147 A.D.2d 33, 541 N.Y.S.2d 780, *appeal dismissed*, 75 N.Y.2d 764, 551 N.Y.S.2d 903, 551 N.E.2d 104 (1989), which held that the EEOC's automatic referral of an administrative charge to the Division constitutes an election of remedies for the claimant; and (2) restore the claimant's own op-

7. A *pro se* claimant is already disadvantaged because he might not understand that he could avoid the "election of remedies" rule by filing an administrative charge with the EEOC and waiting for the EEOC's automatic referral of the charge to the Division. *See supra* note 6.

8. Literally, the expression of one thing is the exclusion of another. Black's Law Dictionary 581 (6th ed. 1990).

9. There is another specifically enumerated exclusion to the "election of remedies" rule, but it is not relevant here. The other exclusion occurs where the administrative charge is dismissed by the Division for "administrative convenience."

10. I also note that the language of the statute itself indicates that the New York legislature un-

derstood the distinctions between a filing completed by the claimant himself, the claimant's attorney, and the EEOC. *See* N.Y.Exec.Law § 297(1), (9). I therefore conclude that the omission of a claimant's attorney's filing from the exception to the "election of remedies" rule, as set forth in the second sentence of § 297(9), must have been intentional.

11. There is no legislative history relating to the 1992 amendments. However, as stated in *supra* note 5, the 1991 and 1992 amendments were quite similar. Accordingly, I conclude that the legislative histories of the 1991 and 1992 amendments are instructive with respect to the issue in this case.

tion to proceed before an administrative or judicial forum (by eliminating the "forced" election of remedies that occurred when the EEOC automatically referred the administrative charge to the Division). *See* Floor Debate of Bill 2964–A, N.Y.S. Assembly 93–103 (June 17, 1991). This indicates that the New York legislature intended to include only the EEOC's automatic referral of an administrative charge within the exception to the "election of remedies" rule.

Bouker argues that his attorney's filing of the administrative charge is similar to the EEOC's referral. I disagree. The EEOC's referral of the administrative charge is accomplished merely for administrative convenience and occurs without consulting and informing a claimant of the legal implications arising from its referral. On the other hand, a claimant's attorney is hired by a claimant for his legal expertise and is, therefore, obligated to inform the claimant of his filing options and the legal implications arising therefrom. As such, a claimant's attorney is, and the EEOC is not, a true agent for the claimant. Thus, the attorney's filing of the administrative charge on behalf of the claimant constitutes a meaningful election of remedies and does not "force" the election upon the claimant.

Accordingly, CIGNA's motion to dismiss Bouker's NYHRL claim is granted. An appropriate Order follows.

#### ORDER

AND NOW, this 14th day of March, 1994, upon consideration of defendant's motion to dismiss in part the complaint (docket entry no. 4) and all papers filed in support thereof and in opposition thereto, IT IS ORDERED that said motion is GRANTED. Plaintiff's New York Human Rights Law Claim is hereby dismissed with prejudice.