277 N.J. Super. 500 (1994)
650 A.2d 4
MARION ALDRICH, PLAINTIFF-APPELLANT,
v.
MANPOWER TEMPORARY SERVICES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1994.
Decided December 5, 1994.
*502 Before Judges PRESSLER, LANDAU and CONLEY.
Arthur L. Raynes argued the cause for appellant (Wiley, Malehorn & Sirota, attorneys; Mr. Raynes, of counsel; Christine G. Moore, on the brief).
Kathryn H. Levering argued the cause for respondent (Drinker, Biddle & Reath, attorneys; Ms. Levering and Gregg R. Melinson, on the brief).
Jeffrey C. Burstein, Deputy Attorney General, argued the cause for amicus curiae New Jersey Division on Civil Rights (Deborah T. Portiz, Attorney General, attorney; Mr. Burstein, on the letter-brief).
The opinion of the court was delivered by CONLEY, J.A.D.
In 1991 plaintiff filed a LAD[1] complaint with the Division on Civil Rights which, in 1993 and before the commencement of any administrative hearings before an Administrative Law Judge, she withdrew. Shortly thereafter plaintiff filed a LAD complaint in the Superior Court. She now appeals a summary judgment dismissing that complaint based upon her initial, but uncompleted, selection of the administrative forum. We reverse.
Plaintiff has been employed by defendant since August 1980. In her Superior Court complaint, she alleges discrimination against her on the basis of her age and gender "with respect to compensation, promotions, working conditions, responsibilities and other conditions of employment." She also alleges retaliation. Prior to filing this complaint, in July 1991 plaintiff filed her *503 administrative complaint. After eighteen months had elapsed without any action being taken by the agency, and pursuant to N.J.S.A. 10:5-13 and N.J.A.C. 13:4-12.1, plaintiff requested to have the matter transferred to the Office of Administrative Law for a hearing before an administrative law judge.
Thereafter both parties engaged in discovery. A pre-hearing conference was scheduled for May 21, 1993; on May 14, 1993, however, plaintiff withdrew her complaint and request for a hearing pursuant to N.J.A.C. 1:1-19.2. That regulation provides:
(a) A party may withdraw a request for a hearing or a defense raised by notifying the judge and all parties. Upon receipt of such notification, the judge shall discontinue all proceedings and return the case file to the Clerk. If the judge deems it advisable to state the circumstances of the withdrawal on the record, the judge may enter an initial decision memorializing the withdrawal and returning the matter to the transmitting agency for appropriate disposition.
(b) When a party withdraws, the Clerk shall return the matter to the agency which transmitted the case to the Office of Administrative Law for appropriate disposition.
(c) After the Clerk has returned the matter, a party shall address to the transmitting agency head any motion to reopen a withdrawn case.
On June 1, 1993, plaintiff filed her Law Division complaint based on the same facts and alleging the same LAD claims. In granting defendant's motion to dismiss, the trial judge concluded that the Superior Court lacked jurisdiction and said:
Now the defendant does not get a choice of remedy or forum. The plaintiff gets the choice. The plaintiff's position is that the plaintiff should get a number of choices. Theoretically, the plaintiff could file an administrative law complaint, withdraw it as was done in this case, file a complaint in the Law Division, withdraw it, and go back to the Administrative Law, provided you could get all these changes done within the statute of limitations, although nowadays, an argument might be made that it reverts back, relates back to a prior complaint. So I think the law could take care of that.
Should the plaintiff be permitted to exercise her advantage of making the choice? Twice or more? Let's put it this way. More than once. The defendant doesn't get the choice he wants.
There seems to be no policy reason or other consideration that would instruct this Court that it should arrive at a decision that would compel the Court to honor the plaintiff's right to revoke an election under the statute. There's no policy consideration that would favor it, make it better course.
The plaintiff's alleged reasons for wanting the case in the law courts rather than in the administrative law courts would apply to the defendant as well. They would *504 have to make those kinds of decisions. Where would we prefer this to be? Yet, they would be bound by the plaintiff's decision to stay in the administrative law courts.
If the defendant is bound by the plaintiff's election, the plaintiff should also be bound unless she has the consent of the defendant or has an order of  indicating reasons why it ought to be terminated, otherwise the situation would not be fair. And the statute says that it ought to be interpreted in a manner fair to the consideration of the interests of both parties.
Therefore, although there is no specific ruling that I can find by a court expressly stating that it is the choice, the election that bars this Court from hearing the matter, it is implied in a number of decisions. And considerations of fairness and quality dictate that it should be the ruling, that once chosen you should exhaust it to conclusion to resolve your dispute.
The trial judge expressed a similar rationale when denying plaintiff's motion for reconsideration.
We can understand the trial judge's concern with the possibility that a plaintiff "could file an administrative law complaint, withdraw it as was done in this case, file a complaint in the Law Division, withdraw it, and go back to the Administrative Law." And we recognize that the provisions of LAD are to be construed "fairly and justly with due regard to the interests of all parties...." N.J.S.A. 10:5-27. But we cannot agree that the Legislature has mandated that the mere exercise of a choice of forum to pursue a LAD complaint, is preclusive. The focus, in terms of preclusive effect, is upon the "pendency" of a proceeding in the chosen forum and, critically, a final determination.
LAD establishes both an administrative remedy and a Superior Court remedy. N.J.S.A. 10:5-13. The remedies "are complementary." Shaner v. Horizon Bancorp., 116 N.J. 433, 440, 561 A.2d 1130 (1989). See also Fuchilla v. Layman, 109 N.J. 319, 336, 537 A.2d 652, cert. denied sub nom., University of Medicine and Dentistry of N.J. v. Fuchilla, 488 U.S. 826, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). However, they are not duplicative. In this respect, N.J.S.A. 10:5-13 mandates in part that:
Prosecution of such suit in Superior Court under this act shall bar the filing of a complaint with the division or any municipal office during the pendency of such suit.
[Emphasis added].
*505 Similarly, pursuant to N.J.S.A. 10:5-27 the remedial procedures provided for under the Act "shall, while pending, be exclusive...." [emphasis added]. Once a forum is chosen, then, and while the procedure is pending another forum may not be pursued. But critically, it is not until a final determination is rendered by one forum that the choice becomes preclusive. N.J.S.A. 10:5-27 ("the final determination [on a LAD complaint] ... shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.").
Defendant would have us read into these provisions a requirement that the selection of the remedy itself constitutes an absolute election barring other remedies. Simply stated, the Legislature did not so provide. Compare N.J.S.A. 46:3B-9. It is the finality in the forum selected that raises the bar. There is nothing in the statute, then, which jurisdictionally prevented plaintiff here from filing her Law Division complaint after withdrawing the administrative complaint before final disposition. See for example Jansen v. Food Circus Supermarkets, 214 N.J. Super. 51, 55, 518 A.2d 486 (App.Div. 1986), rev'd on other grounds, 110 N.J. 363, 541 A.2d 682 (1988). Compare Christian Brothers Institute of N.J. v. Northern N.J. Interscholastic League, 86 N.J. 409, 432 A.2d 26 (1981) (a party to a consent order approved by the Director of the Division cannot subsequently bring a Superior Court action on the same claim); Hermann v. Fairleigh Dickinson Univ., 183 N.J. Super. 500, 504, 444 A.2d 614 (App.Div. 1982), certif. denied, 91 N.J. 573, 453 A.2d 884 (1982) (plaintiff's LAD Superior Court complaint was properly dismissed where it was filed after a final administrative determination of no probable cause was issued by the Division on Civil Rights). And see Gray v. Serruto Builders, Inc., 110 N.J. Super. 297, 300, 265 A.2d 404 (Law Div. 1970) ("the jurisdiction conferred by the act [on the Division on Civil Rights is] exclusive only when an administrative proceeding is pending or has been concluded....").
We take note of the position of the Division on Civil Rights that "estoppel principles should have applicability where, for example, the administrative action is withdrawn in the middle of an OAL *506 hearing which is proceeding unfavorably for a complainant...." Indeed, N.J.A.C. 1:1-19.2 provides that if the ALJ "deems it advisable to state the circumstances of the withdrawal on the record, the judge may enter an initial decision memorializing the withdrawal and returning the matter to the transmitting agency for appropriate disposition." We assume that this could encompass a recommendation by an ALJ that the withdrawal not be permitted where "estoppel principles" might arise. Compare R. 4:37-1. We further observe that the OAL "Request for Withdrawal of Charge of Discrimination" form states that the "request for withdrawal of the charge is subject to the approval of the agencies...." But as far as we can tell here, the ALJ's response was simply to close the file and return it to the Division.
Plaintiff withdrew her administrative complaint before OAL hearings were even scheduled, much less commenced. The only prejudice defendant has asserted is the expenditure of time and effort during the preliminary and discovery stages of the administrative proceedings. Presumably those efforts will reduce the time required in the discovery phase of the Superior Court action.
Reversed and remanded for further proceedings.
NOTES
[1] Law Against Discrimination, N.J.S.A. 10:5-1 to 42.