286 N.J. Super. 676 (1996)
670 A.2d 95
WILFREDO HERNANDEZ, PLAINTIFF-APPELLANT,
v.
REGION NINE HOUSING CORP., NEW BRUNSWICK UAW ASSOCIATES, AND JOAN WILK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1995.
Decided January 26, 1996.
*677 Before Judges KING, LANDAU and KLEINER.
Jeffrey E. Fogel argued the cause for appellant (Mr. Fogel, on the brief).
*678 Thomas J. Giblin argued the cause for respondents Region Nine Housing Corp. and New Brunswick UAW Associates (Giblin & Lynch, attorneys).
James Tarella argued the cause for respondent Joan Wilk (Tarella & Liftman, attorneys; Mr. Tarella, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
This case involves election of remedies for discrimination in the workplace. The issue is whether plaintiff's election to initially pursue his federal remedy to an administrative decision but then forego his right to bring a federal lawsuit precludes this Superior Court action for damages based on state law.
Plaintiff Wilfredo Hernandez appeals from the grant of a summary judgment on his claim for damages against his employer for violation of this State's Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42. Plaintiff claims that he was wrongfully discharged by defendants from his job as a lead maintenance person for reasons of national origin in violation of the LAD. The plaintiff initially was suspended with pay for two days for speaking Spanish in the lobby of the apartment building where he worked and he was ordered not to speak Spanish again in public areas. He was later terminated in October 1991. He claimed he was suspended and then finally terminated for discriminatory reasons of national origin. The defendant employer claimed plaintiff was legitimately disciplined and later fired for poor job performance.
The Law Division judge granted summary judgment on the ground that plaintiff had irrevocably elected a federal remedy and could not later pursue an alternative judicial remedy under state law. On this appeal, plaintiff claims that he should not be barred from suing under New Jersey's LAD simply because he had initially pursued his remedy under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e to § 2000e-6, before the Equal *679 Employment Opportunities Commission (EEOC) to an administrative determination.
Plaintiff originally filed a complaint with the Division on Civil Rights (DCR) on November 4, 1991. Before the DCR had taken any action, plaintiff voluntarily withdrew that complaint on June 4, 1992. Several months before this DCR withdrawal, on February 26, 1992, plaintiff had filed a complaint with the EEOC pursuant to Title VII, 42 U.S.C.A. § 2000e-5(b). After conducting an investigation, the EEOC issued a two-page written "DETERMINATION" on May 19, 1993. The determination issued "on behalf of the EEOC" by Area Director Corrado Gigante concluded that the defendants' "prohibition of Hispanics from speaking their native language during working hours operated to deny [plaintiff] a term and condition of his employment." This policy was found discriminatory on the basis of national origin because not "required as a matter of business necessity." The Area Director concluded this part of his determination by stating that "based on the evidence in the file, the Commission finds reasonable cause to believe [defendants] discriminated against [plaintiff] in violation of Title VII." However, the Area Director reached a contrary conclusion on the claimed unlawful discharge aspect of the complaint. On this point, the determination recited:
With respect to Charging Party's allegation of unlawful discharge, evidence reveals that Charging Party was discharged on October 28, 1991 after receiving his third Letter of Warning for performance in accordance with Respondent's warning system.
The evidence obtained did not support Charging Party's allegation of unlawful discrimination with respect to his discharge. Charging Party has been informed of the evidence upon which this determination is based. The Charging Party may pursue this matter by filing a private suit against the Respondent as set forth in the enclosed Information Sheet.
The determination concluded with the instruction that: "This determination does not conclude the processing of this charge. EEOC will begin conciliation efforts to resolve all matters where there is a reason to believe that violations occurred." The determination also noted an "Enclosure  Information Sheet on Filing *680 Suit in the Federal District Court" which contained this information:

This determination becomes effective upon receipt. Some or all of Charging Party's allegations of illegal employment discrimination have been dismissed. If Charging Party wishes to pursue this matter(s), Charging Party must file a private lawsuit against the respondent named in the charge in U.S. District Court under the applicable statute(s), as set forth below. The determination letter and this notice will be the only notice of the Charging Party's right to sue by the Commission.

Filing this notice with the court is not sufficient. A court complaint must contain a short statement of the facts of the case which shows that Charging Party is entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.
After this determination, plaintiff refused to sign a "conciliation agreement" tendered by the EEOC. We understand from oral argument that this conciliation tender had no monetary significance to the plaintiff but looked to mediation and resolution of the parties' dispute, by then moot because of the discharge. On January 21, 1994 the EEOC issued a somewhat belated "Notice of Right to Sue" which plaintiff received on about February 1, 1994. The Notice recited in pertinent part:
TO THE PERSON AGGRIEVED: This is your NOTICE OF RIGHT TO SUE. It is issued because the Commissioner has dismissed your charge. Your charge was dismissed for the following reason:
* * * * * * * *
[X] The respondent has made a written settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.
The issuance of this NOTICE OF RIGHT TO SUE terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in United States District Court. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN 90 DAYS FROM THE RECEIPT OF THIS NOTICE OF RIGHT TO SUE: OTHERWISE YOUR RIGHT TO SUE IS LOST.
The Notice carefully explained plaintiff's right to sue in federal court within 90 days. The plaintiff decided not to sue for damages within 90 days in the United States District Court, but instead *681 brought this action in the Superior Court on May 24, 1994, or 112 days after his receipt of the 90-day notice to sue letter.
Beyond doubt, the Title VII federal statutory scheme, as devoted to equal employment opportunity, does not presume to preempt state remedies. Rather, the federal statute expresses considerable deference to state remedies for employment discrimination. The federal statute says:
Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter.
[42 U.S.C.A. § 2000e-7.]
Preservation rather than preemption of state anti-discrimination remedies was clearly intended. See California Federal Sav. & Loan Ass'n v. Guerra, 758 F.2d 390 (9th Cir.1985), aff'd, 479 U.S. 272, 107 S.Ct. 683, 93 L.Ed.2d 613 (1986). We are convinced the EEOC's finding that appellant failed to demonstrate probable cause for an administrative determination of discrimination does not as a matter of federal law necessarily foreclose this state claim for damages under the LAD. See University of Tennessee v. Elliott, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (judicially unreviewed administrative findings not preclusive of action at law in an alternative forum). Therefore, we are not compelled by any principle of federal statute or case law to affirm the dismissal of appellant's LAD claim. We are free to examine appellant's right to bring this action under the LAD at this procedural juncture purely as a matter of New Jersey state law.
However, we hold that appellant should be precluded under our State law from bringing his LAD claim in state court after an adverse administrative determination by the EEOC. Appellant was free to proceed in federal court with his Title VII claim within 90 days after receipt of his notice to sue letter, despite the adverse federal administrative determination. He chose not to do so but switched forums, seeking judicial relief in state court.
*682 Appellant's election to switch forums after an adverse administrative ruling is most reminiscent of our decision in Hermann v. Fairleigh Dickinson Unv., 183 N.J. Super. 500, 444 A.2d 614 (App.Div.), certif. denied, 91 N.J. 573, 453 A.2d 884 (1982), where plaintiff brought an action at law for damages against her former employer for employment discrimination. We affirmed a dismissal of her complaint by the Law Division judge, concluding that her action was barred by a previous adverse ruling on the same grievance by New Jersey's Division of Civil Rights. N.J.S.A. 10:5-27.
After a fact-finding conference and an administrative investigation, the DCR field investigator submitted a report recommending that "this case be closed NO PROBABLE CAUSE." Hermann, supra, 183 N.J. Super. at 503, 444 A.2d 614. Thereafter a formal "finding of no probable cause" was filed by the Director. Although a notice of appeal to the Appellate Division was served and filed, plaintiff elected to abandon her appeal to this court, an appeal which she could have pursued as a matter of right. R. 2:2-3(a)(2); N.J.A.C. 13:4-15.3. Instead, she brought suit for damages in the Law Division, a suit which we held was properly dismissed.
The LAD provides "alternative avenues for redress against or relief from unlawful discrimination." Hermann, 183 N.J. Super. at 503, 444 A.2d 614. An aggrieved party may sue in the Superior Court or seek relief in the Division. N.J.S.A. 10:5-13. We concluded in Hermann that once the path of relief was elected, administrative rather than judicial, it could not be changed after an administrative determination. We said:
Here, plaintiff elected the administrative route. When her grievance was dismissed for lack of probable cause, she was not deprived of judicial review of the propriety of that determination. She withdrew her appeal in which she could have pressed her argument that lack of a hearing violated her right to due process. "The proper procedure was to raise these claims before the Appellate Division upon appeal...." Christian Bros. Inst. v. North [Northern] N.J. Interschol. League, 86 N.J. 409, 415-416 [432 A.2d 26] (1981). By voluntary abandonment of the appellate process, she may not circumvent the statutory exclusion.
[Hermann, 183 N.J. Super. at 504, 444 A.2d 614.]
*683 See also Giammario v. Trenton Board of Education, 203 N.J. Super. 356, 364, 497 A.2d 199 (App.Div. 1985); N.J.S.A. 10:5-27 (procedure under LAD exclusive while pending and a final determination excludes any other action); Bouker v. CIGNA Corporation, 847 F. Supp. 337 (E.D.Pa. 1994) (under New York law an attorney's filing of an administrative claim operates as an election of an administrative forum). In Pittman v. LaFontaine, 756 F. Supp. 834 (D.N.J. 1991), the federal district court in New Jersey barred plaintiff's Title VII claim where she first had unsuccessfully pursued a claim in the DCR, which found "no probable cause" for discrimination and which administrative finding was affirmed by this court. Id. at 839. Pittman was, of course, the clearest kind of election of remedies situation because it involved a prior judicial affirmance of an administrative denial of relief.
We contrast the case before us and also the case before the court in Hermann, supra, with that in Aldrich v. Manpower Temp. Services, 277 N.J. Super. 500, 650 A.2d 4 (App.Div. 1994), where plaintiff had filed an LAD complaint in the DCR which languished in the Division for almost two years without any administrative determination. Plaintiff withdrew her administrative complaint and sued for damages in the Law Division. Plaintiff had withdrawn the DCR complaint a week before her scheduled OAL pre-hearing conference. This was her right under N.J.A.C. 1:1-19.2. We concluded in Aldrich that the focus in terms of preclusive effect is not upon the exercise of a choice of forum alone but is critically upon a final determination in that forum. Aldrich, supra, 277 N.J. Super. at 504, 650 A.2d 4. We observed in Aldrich that "[p]laintiff withdrew her administrative complaint before OAL hearings were even scheduled, much less commenced." Id. at 506, 650 A.2d 4. In contrast, appellant in the case before us pursued his EEOC claim to an administrative determination after an agency investigation. The EEOC charge and probable cause determination was a precondition of filing suit in federal court under Title VII. 42 U.S.C.A. § 2000e-5(f); Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497 (7th Cir.1994). Although the EEOC's ruling was unfavorable, this did not preclude *684 his pursuit of a federal suit for damages within 90 days of February 1, 1994. See 42 U.S.C.A. § 2000e-5(f). Instead, appellant changed course, abandoned his federal claim, and sued in our state court for damages under the LAD on May 24, 1994 or 112 days later.
Appellant here proceeded to an administrative decision, as did the claimant in Hermann, but not in Aldrich. We conclude he is barred by that election. He may not change his tack thereafter, in midstream so to speak, and seek judicial relief in the alternative forum after finding the federal waters initially unfavorable. The resources and energies of the parties have been devoted to a federal claim. This matter should have been pursued in the federal forum, not restarted here. We do not encourage claim-switching and forum-hopping.
Our view on the preclusive effect of appellant's election of EEOC and federal remedies is reinforced by our Supreme Court's recent strong commitment to the entire-controversy doctrine, R. 4:30A; DiTrolio v. Antiles, 142 N.J. 253, 662 A.2d 494 (1995); Circle Chevrolet v. Giordano, Halleran & Ciesla, 142 N.J. 280, 662 A.2d 509 (1995); Mystic Isle Development Corp. v. Perskie & Nehmad, 142 N.J. 310, 662 A.2d 523 (1995); Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co., 142 N.J. 336, 662 A.2d 536 (1995). The entire-controversy doctrine discourages fragmented, piecemeal litigation. It encourages prompt, efficient disposition of claims in one proceeding and in one forum. Our decision today reflects that spirit.
Affirmed.